IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EARL MAYFIELD,

    Plaintiff,

v.                                                  Case No. 20-cv-0952 KG-LF

LT. JACKSON, and
C.O. CLOUD,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Earl Mayfield's Civil Complaint. (Doc. 1-1) (Complaint). Also before the Court is his Motion for Remand. (Doc. 3) (Motion). Plaintiff is incarcerated and proceeding *pro se*. He argues prison officials violated the Constitution and prison policy by confiscating commissary items. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will deny the Motion, dismiss the Complaint, and grant leave to amend.

I. Background[1]

Plaintiff was previously incarcerated at the Northeast New Mexico Detention Facility (NNMDF). (Doc. 1-1) at 7. On January 10, 2019, Lieutenant Jackson and Officer Cloud conducted a random search of Plaintiff's cell. *Id.* at 2, 7. They discovered legal documents belonging to other inmates and removed Plaintiff's property from the cell. *Id.* at 7. NNMDF issued a misconduct report for possession of unauthorized documents and improper legal assistance. *Id.* Officer Cloud returned most of Plaintiff's property on January 12, 2019. *Id.* at 2.

---

[1] For the purpose of this ruling, the Court assumes the allegations in the Complaint (Doc. 1-1) are true.

However, he did not return certain food and hygiene items purchased from the commissary. *Id.* Plaintiff alleges the items were worth $400. *Id.* at 2. Officer Cloud stated Lieutenant Jackson confiscated the commissary items, but Cloud did not know why. *Id.* Plaintiff never received forms regarding the disposal of evidence or contraband, as mandated by prison policies. *Id.* at 2, 4.

The Complaint raises claims under the Due Process Clause, the Eighth Amendment, and a internal New Mexico Corrections Department (NMCD) policies. (Doc. 1) at 3. Plaintiff seeks an order directing NNMDF to return his commissary items. *Id.* at 6. He also seeks at least $50,000 in damages from Defendants Jackson and Cloud. *Id.* Plaintiff originally filed the Complaint in New Mexico's Eighth Judicial District Court, No. D-818-CV-2019-00078. Defendants removed the Complaint to this Court, and Plaintiff filed the Motion for Remand. (Docs. 1, 3). The Court will evaluate that Motion before turning to the Complaint.

II. Motion for Remand

Plaintiff asks the Court to remand this matter to state court before evaluating the merits. He argues the Complaint only raises a state issue and that he did not intend to file a 42 U.S.C. § 1983 civil rights action. (Doc. 3) at 1-2. Defendants oppose a remand, arguing that the Complaint raises a federal claim. (Doc. 5) at 1-2.

An action filed in state court may be removed to federal district court if the complaint raises a federal question. *See* 28 U.S.C. 1441(a). This includes claims arising under the U.S. Constitution or federal law. *See* 28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal question jurisdiction "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted). "The propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

The Complaint here alleges the confiscation of Plaintiff's commissary items amounts to "cruel and unusual punishment[,] due process, state/fed law." (Doc. 1-1) at 3. Plaintiff reiterates the point on the next page, again raising due process claims under "state and fed[eral] law." *Id.* at 4. Further, although Plaintiff's Motion ostensibly seeks a remand, he goes on to seek an Order from this Court directing a *Martinez* investigation. (Doc. 3) at 2-3. A *Martinez* investigation is a federal remedy created by the Tenth Circuit "aimed at ferreting out the factual or legal bases for [the] claims." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978)). Hence, the Complaint was properly removed based on federal question jurisdiction. The Court will deny Plaintiff's Motion for Remand (Doc. 3) and review the Complaint.

III. <u>Standards Governing Initial Review of Prisoner Complaints</u>

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level." *Bell*

*Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. *Pro se* pleadings are judged by the same legal standards that apply to represented litigants, and it is not the "proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* However, the Court can overlook the "failure to cite proper legal authority, ... confusion of various legal theories, ... poor syntax and sentence construction, or ... unfamiliarity with pleading requirements." *Id.*

IV. <u>Screening the Complaint</u>

Plaintiff's primary concern is that prison officials confiscated property without due process. Plaintiff raises the claim under state and federal law, but New Mexico courts look to the federal due process standard. *See Johnson v. New Mexico Hum. Servs. Dep't,* 2021 WL 72184, at *6 (N.M. App. Jan. 7, 2021) ("[T]he [federal Supreme Court] test ... is the analytical framework for analyzing due process issues in New Mexico state courts"); *Cordova v. LeMaster,* 96 P.3d 778, 783 (N.M. 2004) (applying federal law to state inmate's due process claim); *Matter of Termination of Boespflug,* 845 P.2d 865, 866 (N.M. App. 1992) (citing federal due process law).

The Fourteenth Amendment guarantees due process "when a person is to be deprived of

4

life, liberty, or property." *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). In the prison context, there are two types of property revocations that implicate due process principles. The first involves the adoption of "new polic[ies] that limit[] the amount of property prisoners c[an] keep in their cells." *Cosco v. Uphoff*, 195 F.3d 1221, 1222 (10th Cir. 1999). "[A] prison regulation governing what prisoners may possess in their cells will create a protected ... property interest only if the deprivation ... impos[es] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Robinson v. Doe*, 761 Fed. App'x 855, 857 (10th Cir. 2019) (citing *Cosco*, 195 F.3d at 1222). Policies limiting the retention of hobby materials, electronic tablets, television, radio, entertainment systems, and snacks do not impose an atypical and significant hardship on inmates. *See Griffin v. Hickenlooper*, 549 F. App'x 823, 826 (10th Cir. 2013); *Robinson*, 761 Fed. App'x at 857; *Cosco*, 195 F.3d at 1222.

The second type of property revocation involves the "unauthorized intentional deprivation of property by a" prison official. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). This occurs where prison officials revoke property "in violation of, rather than according to, established procedure[s]." *Johnson v. Whitney*, 723 Fed. App'x 587, 593 (10th Cir. 2018). Such revocation is only actionable where no "meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. Said differently, "[e]ven if the seizure of a prisoner's property is improper," it "does not give rise to a ... due process claim if adequate state post-deprivation remedies are available." *Bridgeforth v. Ramsey,* 1999 WL 992978, *1 (10th Cir. Nov. 2, 1999). *See also Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (same). The plaintiff "must plead facts showing that his state [post-deprivation] remedy was inadequate." *Johnson*, 723 Fed. App'x at 593; *see also Freeman v. Department of Corrections*, 949 F.2d 360, 362 (10th Cir. 1991) (addressing the adequacy of

5

remedies in connection with a prisoner's confiscated stereo).

It is not entirely clear why prison officials confiscated Plaintiff's commissary items. The Complaint appears to allege the confiscation was unauthorized. However, there is no indication that Plaintiff exceeded the number of snacks or hygiene items allowed by NMCD policy. Therefore and even assuming an improper confiscation, the Complaint fails to state a due process claim. Moreover, Plaintiff has not alleged his state remedies - *i.e.,* remedies that fall short of asserting a constitutional violation - are insufficient. There is a high bar for showing remedies are insufficient. In *Freeman,* for instance, the inmate alleged "prison officials confiscated his stereo and refused to return it. 949 F.2d at 361. "[H]e filed grievances to no avail; he then filed a small claims action and asked for a default judgment, but he received no response despite repeatedly writing to the state court regarding the status of his case; and finally, prison officials induced him to dismiss his small claims action by saying they would return his stereo, but they never did." *Id.* Plaintiff has not shown he exhausted prison grievances or filed a pleading in small claims court. Moreover, the Complaint fails to specify exactly what items were confiscated. The confiscation of snacks may be an ordinary aspect of prison life under any standard, regardless of whether the action was improper or dictated by policy. Hence, the Complaint fails to state a due process claim.

Plaintiff also alleges the lost commissary violates NMCD policy and amounts to cruel and unusual punishment. A mere violation of prison policy, absent a violation of law, is insufficient to establish civil liability. *See, e.g., Gaines v. Stenseng,* 292 F.3d 1222, 1225 (10th Cir. 2002) (finding no cognizable Section 1983 claim for "alleged violations of ... prison regulations"); *Hovater v. Robinson,* 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation."). As to the Eighth Amendment claim,

the Complaint does not allege the loss of commissary items "lead to deprivations of essential food, medical care, ... [or] sanitation." *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981). The Complaint also fails to allege Defendants consciously disregarded a known risk of harm. *See Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir. 1998). Plaintiff has therefore not stated a cognizable claim based on violation of NMCD policies or for cruel and unusual punishment.[2]

Based on the forgoing, the Court will dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *Pro se* prisoners should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, the Court will allow Plaintiff to file an amended complaint within thirty (30) days of entry of this Order. If he declines to timely file an amended complaint, or files another pleading that fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

IT IS ORDERED:

1. Plaintiff's Motion for Remand (Doc. 3) is denied.

2. Plaintiff's Civil Complaint (Doc. 1-1) is dismissed without prejudice.

3. Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

_____
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Plaintiff also intends to raise an Eighth Amendment cruel and unusual punishment claim under state law, such claim also fails. New Mexico has adopted the federal standard for Eighth Amendment claims. *See Griffin v. Penn,* 213 P.3d 514, 517 (N.M. App. 2009).