IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EARL MAYFIELD,

    Plaintiff,

v.                                            Case No. 20-cv-0952 KG-LF

LT. JACKSON, and
C.O. CLOUD,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's failure to prosecute his prisoner action. Plaintiff is incarcerated and proceeding *pro se*. His original complaint alleges prison officials improperly confiscated commissary items. Lieutenant Jackson and Officer Cloud allegedly conducted a random search of Plaintiff's cell. (Doc. 1-1) at 2, 7. They discovered legal documents belonging to other inmates and removed Plaintiff's property from the cell. *Id.* at 7. The prison issued a misconduct report for possession of unauthorized documents and improper legal assistance. *Id.* Officer Cloud allegedly failed to return $400 worth of food and hygiene items purchased from the commissary. *Id.* at 2. Plaintiff never received forms regarding the disposal of evidence or contraband. *Id.* at 2, 4. Construed liberally, the original complaint raises claims for violation of the state constitution, the federal constitution, and prison policies. *Id.* at 3.

By a Memorandum Opinion and Order entered July 15, 2021, the Court screened the original complaint pursuant to 28 U.S.C. § 1915A. (Doc. 6) (Screening Ruling). The Court determined Plaintiff failed to state a cognizable claim. Specifically, the original complaint failed to show the property revocation violated the Due Process Clause or the Eighth Amendment. (Doc. 6) at 4-6. The Court also pointed out that a violation of prison policy is insufficient to

establish civil liability. *Id.* at 6. The original complaint was dismissed for failure to state a cognizable claim. The Court fixed a deadline of August 16, 2021 for Plaintiff to file an amended complaint. *Id.* at 7. Plaintiff was warned that if he declines to timely comply, the Court may dismiss the case without further notice. *Id.*

Thereafter, Plaintiff filed his first motion seeking a 90-day extension. (Doc. 7). He explained he was working on other *pro se* litigation and only visited the law library once a week. The Court extended the amendment deadline through October 16, 2021. (Doc. 8). Plaintiff did not comply and instead filed a second motion seeking a 45-day extension. (Doc. 9). The second motion explained that his motion recently passed away. It also highlighted Plaintiff's other litigation in state and federal court along with his limited library access. The Court granted a second extension and fixed a final amendment deadline of November 29, 2021. (Doc. 10). Plaintiff was warned that the Court may decline to grant further extensions, absent extraordinary circumstances.

Plaintiff again declined to timely amend his complaint. He filed a third motion seeking an unspecified extension of time based on lockdowns and lack of library access. (Doc. 11). GEO Group was allegedly replaced as the prison operator on November 1, 2021. Plaintiff has not accessed legal research since then. He also experienced a lockdown and is still upset about his recent family loss.

While Plaintiff's circumstances are difficult, he has had over 4.5 months to amend his complaint. He also refuses to commit to filing an amendment by any specific date. Plaintiff's recent motion states: "there is so much confusion that I may have to hold this whole case in abeyance." (Doc. 11) at 2. The Court is not convinced that granting another extension would

prompt Plaintiff to prosecute his case. The motions also fail to indicate what information, if any, he needs to research before submitting an amended pleading. The Screening Ruling set out the legal standard for each claim and explained that *pro se* litigants must only state facts that give rise to a plausible claim. (Doc. 9).

For these reasons, the Court will deny the third motion for extension of time (Doc. 11). The Court will also dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the ... court's orders." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). *See also Johnson v. Dash,* 656 Fed. App'x 431, 433 (10th Cir. 2016) (affirming denial of second request for extension based on "limited library time," as inmate had "ample time to familiarize himself with the issues and authorities").

IT IS ORDERED:

1. Plaintiff's Third Motion for Extension (Doc. 11) is denied.

2. This civil action is dismissed without prejudice.

3. The Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE